UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Adam Jankowski,<br><br>      Plaintiff,<br><br>      v.<br><br>Centurion of Vermont, LLC and Mitchell Miller, M.D.,<br><br>      Defendants. | Civil Action No. 2:22–cv–169-cr-kjd |

**OPINION AND ORDER**
(Docs. 59, 61)

Pending before the Court are Plaintiff's Motion for Attorney's Fees (Doc. 59) and Plaintiff's Supplement to Motions to Compel Discovery. (Doc. 61.) On August 3, 2023, Plaintiff filed a Motion to Compel Discovery and Order Sanctions, asking the Court to order complete discovery responses to Plaintiff's First Set of Interrogatories and Requests to Produce and to order supplemental responses to Defendant's incomplete initial disclosures. (Doc. 53.) On August 28, 2023, Plaintiff filed a Motion to Compel Responses to Plaintiff's Second Set of Discovery and Order Sanctions, alleging that Defendants failed to produce any discovery responses to Plaintiff's Second Set of Discovery. (Doc. 55.) Defendants did not respond to Plaintiff's Motions.

On September 27, 2023, the Court held a hearing on Plaintiff's unopposed Motions to Compel. (Docs. 53, 55.) The Court granted both Motions and ordered the following: (a) that Defendants produce supplemental discovery related to Plaintiff's First Set of Discovery Requests within seven days, including complete initial disclosures; and (b) that Defendants respond to

Plaintiff's Second Set of Discovery Requests within fourteen days. (ECF Entry 58.) The Court also granted Plaintiff's request for attorney's fees associated with bringing the two Motions to Compel pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and directed Plaintiff to submit a statement regarding the requested attorney's fees.

I.      **Plaintiff's Request for Attorney's Fees**

If a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). In relevant part, the Rule also provides that the court must not order this payment if the opposing party's position was "substantially justified," or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii). The burden of proof is on the disobedient party to show "that his failure is justified or that special circumstances make an award of expenses unjust." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) (internal quotation marks omitted).

At the September 27th hearing, the Court found that Defendants' failure to supplement their responses to Plaintiff's First Set of Discovery and initial disclosures and failure to respond to Plaintiff's Second Set of Discovery was not substantially justified, nor were there other circumstances making an award of expenses unjust. Accordingly, the Court determined that Plaintiff should be compensated for reasonable expenses incurred in filing the two Motions to Compel. (ECF Entry 58.) Plaintiff filed a Motion for Attorney's Fees on September 29, 2023, in which he seeks $3,600.00 in fees for the 14.4 hours of attorney time expended in connection with

the two Motions to Compel. (Doc. 59.)[1] This time consists of correspondence with counsel on outstanding discovery, a conference with counsel to address discovery, and the drafting of the Motions to Compel. (*Id.*)

A "presumptively reasonable" attorney's fee award, known as the "lodestar" amount, is the product of the number of hours reasonably expended multiplied by a reasonable hourly rate. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186–90 (2d Cir. 2008). Hours that are not reasonably expended include hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The reasonable hourly rate is "the rate a paying client would be willing to pay." *Lilly v. City of New York*, 934 F. 3d 222, 230 (2d Cir. 2019) (internal quotation marks omitted). In determining the reasonable hourly rate, the court should consider all "pertinent factors, including the *Johnson* factors,"[2] *id.*, and "all relevant case-specific variables, along with the prevailing marketplace rates in Vermont for the type of work and the experience of the attorneys." *Arroyo v. Milton Academy*, Case No. 5:10–cv–117, 2011 WL 13217008, at *1 (D. Vt. June 3, 2011) (citing *Arbor Hill*, 522 F. 3d at 191; *Cabrera v. Jakabovitz*, 24 F.3d 372, 392 (2d Cir. 1994)). To determine the prevailing market rate, the court is to "take judicial notice of the rates awarded in prior cases," and use "the court's own familiarity with the rates prevailing in the district."

---

[1] The Court directed Defendants to file any objections to the fees request by October 6, 2023. (ECF Entry 58; Doc. 59.) Defendants have not filed objections to Plaintiff's fees request.

[2] The *Johnson* factors include: "[t]he time and labor required"; "[t]he novelty and difficulty of the questions"; "[t]he skill requisite to perform the legal service properly"; "[t]he preclusion of other employment by the attorney due to acceptance of the case"; "[t]he customary fee"; "[w]hether the fee is fixed or contingent"; "[t]ime limitations imposed by the client or the circumstances"; "[t]he amount involved and the results obtained"; the experience, reputation, and skill of the attorneys; whether the case is undesirable and may not be "pleasantly received by the community" or the attorney's contemporaries; "[t]he nature and length of the professional relationship with the client"; and "[a]wards in similar cases." *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

*Farbotko v. Clinton County of New York*, 433 F. 3d 204, 209, 210 (2d Cir. 2005).  Moreover, the Court may "rely in part on the judge's own knowledge of private firm hourly rates in the community."  *Miele v. New York State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

Plaintiff's counsel states that his customary rate is $250 per hour.  (Doc. 59 at 1.)  He has also provided contemporaneous billing records substantiating the time expended on tasks associated with the Motions to Compel.  (*Id.* at 1–2.)[3]  The Court finds counsel's hourly rate to be objectively reasonable and consistent with the market rate for similar legal work in Vermont.  This Court has found hourly rates in the range of $200 to $300 per hour to be reasonable.  *See, e.g.*, *Jennifer W. v. Comm'r of Soc. Sec.*, Case No. 5:19-cv-37, 2020 WL 13608038, at *4 (D. Vt. Oct. 8, 2020) (concluding effective hourly rate of $222.22 was reasonable).  For example, in a tort case where the questions presented in the case were not novel and there were no significant time limitations, this Court recently found that a fee of $225 per hour was reasonable for the Vermont market.  *See, e.g.*, *Ha v. Conn*, Case No. 2:20-cv-155, 2023 WL 5287214, at *2 (D. Vt. Aug. 17, 2023).

Rule 37 permits parties to recover attorney's fees reasonably incurred in "making the motion [to compel]."  Fed. R. Civ. P. 37(a)(5)(A).  Counsel incurred 14.4 hours between May 4, 2023 and September 28, 2023 communicating with counsel regarding the past-due discovery, preparing Plaintiff's two Motions to Compel, and attending the September 27 hearing on the Motions to Compel.  (*See* Doc. 59.)  The Court finds that counsel reasonably incurred these

---

[3] Plaintiff's Request for Attorney's Fees and Costs for His Second and Third Motions to Compel (Doc. 59) does not include an affidavit explaining the reasonableness of counsel's hourly rate.  Nevertheless, having considered the billing records, and in the absence of opposition by Defendants, the Court determines that the fees requested are reasonable.  However, an attorney's fees request should include an attorney affidavit explaining the reasonableness of the attorney's hourly rate.

hours in connection with Plaintiff's two Motions to Compel.  Therefore, Plaintiff is entitled to attorney's fees in the amount of $3,600.00.

## II.     Plaintiff's Supplement to Motions to Compel Discovery

Plaintiff has also filed a Supplement to Motions to Compel Discovery, in which he asserts that Defendants failed to comply with the Court's September 27 Order.  (Doc. 61.) Plaintiff explains that, on October 4, 2023, Defendant Centurion "provided Plaintiff with a discovery letter supplementing most of the outstanding responses to Plaintiff's first set of discovery requests."  (*Id.* at 1.)  Plaintiff asserts that Defendants' initial disclosures remain incomplete with respect to insurance policies and that, despite the parties' agreement to extend the deadline for the discovery responses to October 13, 2023, Defendants have not yet produced responses to Plaintiff's Second Set of Discovery.  (*Id.* at 2.)  Plaintiff seeks an order compelling further discovery responses, sanctions, and additional attorney's fees for "time spent on this matter."  (*Id*.)  Defendants have not responded to Plaintiff's Supplement to Motions to Compel Discovery nor have they requested an extension of the deadline set by the Court's September 27 Order.

According to Federal Rule of Civil Procedure 37(b)(2)(C), "[i]nstead of or in addition to [the sanctions listed in Fed. R. Civ. P 37(b)(2)(A) for failure to comply with a court order], the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Further, the Court has discretion to "assess attorney's fees as a sanction for the willful disobedience of a court order."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (internal quotation marks omitted).  In deciding whether to impose sanctions under Rule 37, the Court considers: "(1) the

5

willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Chaney v. Vt. Bread Co.*, Case No. 2:21-cv-120, 2023 WL 5367973, at *3 (D. Vt. Aug. 22, 2023) (quoting *Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 34 (S.D.N.Y. 2019)).

Defendants have not provided an explanation for their apparent noncompliance with the Court's September 27 Order. They offer no reason for not responding to Plaintiff's inquiries regarding the overdue discovery responses, and for not supplementing their initial disclosures or responding at all to Plaintiff's revised interrogatories. Defendants' noncompliance with the Court's Order is particularly concerning given Defendants' previous untimely discovery responses and lack of communication with Plaintiff regarding outstanding discovery. (*See* Docs. 53, 55, 61.) Defendants' noncompliance with discovery deadlines has prompted three motions to compel (*see* Docs. 33, 53, 55) and two discovery hearings. Although Plaintiff agreed to extend discovery deadlines (Doc. 61 at 2), production of discovery remains outstanding.

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), Defendants must pay Plaintiff's reasonable expenses, including attorney's fees, caused by Defendants' failure to comply with the Court's September 27 Order. Plaintiff's counsel requests $300.00 in attorney's fees for expenses incurred as a result of Defendants' noncompliance. (Doc. 61 at 2 (1.2 hours at an hourly rate of $250).) Finding both the time and hourly rates reasonable, the Court grants Plaintiff's request for $300.00 in attorney's fees.

However, the Court declines to impose sanctions at this time. "Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *Mantell v. Chassman*, 512 F. App'x 21, 23 (2d Cir. Feb. 20, 2013) (unpublished) (quoting

6

*Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999).  The Second Circuit instructs that "[a]t a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." *Id*. (alteration in original) (quoting *Schlaifer*, 194 F.3d at 334).  In light of Plaintiff's request for an order compelling further discovery responses, and to the extent that discovery responses remain outstanding as of the date of this Order, the Court **ORDERS** Defendants to produce all outstanding discovery responses and supplement their initial disclosures.  Failure to do so may result in the imposition of sanctions, up to and including preclusion of evidence and dismissal of affirmative defenses.

## Conclusion

For the foregoing reasons, the Court GRANTS IN PART Plaintiff's Request for Attorney's Fees and Costs for His Second and Third Motions to Compel.  (Docs. 59, 61.)  Defendants shall pay Plaintiff's attorney's fees in the amount of $3,900 within fourteen days of the date of this Order.  The Court declines to impose additional sanctions at this time.

Defendants are **ORDERED** to supplement their initial disclosures and provide all outstanding discovery within ten days of the date of this Order.  Defendants are advised that failure to do so may result in the imposition of additional sanctions, up to and including preclusion of evidence and dismissal of affirmative defenses.

At the hearing on September 27, 2023, the Court requested that the parties file a joint amended discovery schedule.  The parties have yet to do so.  The parties are **ORDERED** to file a joint amended discovery schedule within fourteen days of the date of this Order.

SO ORDERED.

    Dated at Burlington, in the District of Vermont, this 4th day of January 2024.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge

8