UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Adam Jankowski,

       Plaintiff,

       v.

Centurion of Vermont, LLC and Mitchell
Miller, M.D.,

       Defendants.

Civil Action No. 2:22–cv–169-cr-kjd

**<u>OPINION AND ORDER</u>**
(Docs. 70, 84)

Plaintiff Adam Jankowski[1] brings this action under 42 U.S.C. § 1983 against Defendants Centurion of Vermont, LLC (Centurion) and Dr. Mitchell Miller (Dr. Miller), alleging medical malpractice and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article Eighteen, Section Thirty-Nine of the Vermont Constitution. (*See* Doc. 7.) Plaintiff asserts that Defendants' failure to diagnose and treat his Methicillin-Resistant Staphylococcus Aureus infection caused physical and mental anguish, permanent injury, and loss of function in his right shoulder and upper arm. (*See id.* at 5.)

Pending before the Court are Plaintiff's Motion for Sanctions (Doc. 70) and Plaintiff's Motion for Attorney's Fees and Costs (Doc. 84). Plaintiff requests that the Court impose sanctions, including default judgment, against Defendants for their failure to comply with Court Orders regarding discovery. (Doc. 70 at 10–12.)

---

[1] Plaintiff is currently incarcerated at Southern State Correctional Facility (SSCF) in Springfield, Vermont. (*See* Doc. 7 at 1.)

For the reasons explained below, Plaintiff's second Motion for Sanctions is granted in part and denied in part.  Further, Plaintiff's Motion for Attorney's Fees and Costs is granted.

### Factual and Procedural Background[2]

Discovery has been a recurring issue in this case since Plaintiff filed his first Motion to Compel on April 21, 2023.  (Doc. 33.)  The Court deferred ruling on Plaintiff's first Motion to Compel because the parties informed the Court that they were resolving their discovery issues.  (*See* ECF Entry 45.)  The Court ultimately denied the Motion as moot after the parties proposed an Amended Stipulated Discovery Schedule.  (*See* ECF Entry 50.)  As relevant to Plaintiff's second Motion for Sanctions—and explained in further detail below—discovery issues persisted as Defendants reportedly failed to respond to discovery requests and comply with Court Orders.

I.    **Plaintiff's Second and Third Motions to Compel and the Court's September 27 Order**

On August 3, 2023, Plaintiff filed his second Motion to Compel regarding Plaintiff's First Set of Discovery Requests.  (Doc. 53.)  Plaintiff alleged that Defendants' responses to Plaintiff's First Set of Interrogatories, Requests to Produce, and Requests to Admit were incomplete, evasive, and unsigned.  (*Id.* at 1.)  On June 9, 2023, Plaintiff's counsel, Attorney Hozid, emailed Defendants' counsel, Attorney Eaton, "asking if she was still anticipating having supplemental discovery responses to Plaintiff by mid-June."  (Doc. 53-1 at 1, ¶ 5.)  On June 13, 2023, Attorney Eaton informed Attorney Hozid that she would deliver the signed and updated responses "as indicated."  (*Id.*)  On July 13, 2023, Plaintiff's counsel emailed Defendants' counsel advising that the supplemental discovery responses were past due and identifying "issues with Defendants' initial disclosures."  (*Id.* at 2, ¶ 6.)  These issues included nondisclosure of

---

[2]  The facts recited in this section are derived from Plaintiff's counsel's affidavits in support of his Motion to Compel and Order Sanctions (Doc. 53), Motion to Compel Responses to Plaintiff's Second Set of Discovery and Order Sanctions (Doc. 55), and his present Motion for Sanctions (Doc. 70).  (*See* Docs. 53-1, 55-1, 70-1.)

Defendants' insurance information and failure to disclose the subject matter about which potential witnesses would testify.  (Doc. 53 at 2.)  The July 13 email also requested that Defendants' counsel provide the requested discovery by July 21, 2023 or "advise of dates and times [Attorney Eaton was] available to conference these issues before close of business on July 21st."  (Doc 53-1 at 2, ¶ 6.)

Defendants' counsel contacted Plaintiff's counsel on July 21, 2023 to schedule Dr. Miller's deposition, but "[n]othing was stated about discovery responses."  (*Id.* ¶ 7.) Plaintiff's counsel followed up with opposing counsel regarding the discovery responses, but he did not receive a response.  (*Id.*)  On July 24, 2023, Plaintiff's counsel again inquired whether the "discovery responses would be provided or if [they] should schedule a meeting for the following day."  (*Id.* ¶ 8.)  On July 26, 2023, at Dr. Miller's deposition, Defendants' counsel "represented that [d]iscovery responses had been mailed to [Plaintiff's counsel's] office," but Plaintiff's counsel did not receive any responses in the mail.  (*Id.* ¶ 9.)  Plaintiff's counsel informed Defendants' counsel that his office did not receive any mail from her and asked her to electronically mail the responses or send them by regular mail again.  (*Id.*)  On July 31, 2023, Plaintiff's counsel inquired once more about the supplemental discovery responses but did not receive a response.  (*Id.* ¶ 10.)

On August 28, 2023, Plaintiff filed his third Motion to Compel (Doc. 55), alleging that Defendants had not responded to Plaintiff's Second Set of Interrogatories and Requests to Produce, which were served on July 10, 2023.  (Doc. 55-1 at 1, ¶ 1.)  On August 15, 2023, Plaintiff's counsel emailed Defendants' counsel "reminding her that [the July 10] discovery responses were past due" and asking if he should expect to receive responses within the week. (*Id.* ¶ 2.)  Alternatively, Plaintiff's counsel requested that counsel indicate her availability to

confer on the issue.  (*Id.*)  Plaintiff's counsel did not receive a response to this email.  (*Id.* ¶ 3.)

On August 18 and August 23, 2023, Plaintiff's counsel received emails from Defendants'

counsel regarding a different case, but he did not hear back from her regarding the outstanding

discovery.  (*Id.* ¶ 4.)  On August 25, 2023, Plaintiff's counsel called Defendants' counsel at her

office, "but was unsuccessful."  (*Id.* ¶ 5.)  He emailed again, requesting a return call "to discuss

outstanding discovery in this case," noting that he was available most of the day.  (*Id.*)

Plaintiff's counsel did not receive a response.  (*Id.*)

Defendants did not file an opposition to Plaintiff's second and third Motions to Compel

(Docs. 53, 55).  At the hearing on September 27, 2023, the Court granted both Motions and

ordered the following: (a) that Defendants produce supplemental discovery related to Plaintiff's

First Set of Discovery Requests within seven days, including complete initial disclosures; and

(b) that Defendants respond to Plaintiff's Second Set of Discovery Requests within fourteen

days.  (ECF Entry 58.)  The Court also granted Plaintiff's request for attorney's fees associated

with bringing the two Motions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and

directed Plaintiff to submit a statement regarding the requested attorney's fees.

## II.   Plaintiff's Supplement to Second and Third Motions to Compel and the Court's January 4 Order

On October 16, 2023, Plaintiff filed a Supplement to his Motions, in which he asserted

that Defendants failed to comply with the Court's September 27 Order.  (Doc. 61.)  Plaintiff

explained that on October 4, 2023, Centurion "provided Plaintiff with a discovery letter

supplementing most of the outstanding responses to Plaintiff's first set of discovery requests."

(*Id.* at 1.)  However, Plaintiff asserted that Defendants' initial disclosures remained incomplete

with respect to insurance policies and that, despite the parties' agreement to extend the deadline

for the discovery responses to October 13, 2023, Defendants had not yet produced responses to

Plaintiff's Second Set of Discovery.  (*Id.* at 2.)  Plaintiff sought an order compelling further discovery responses and imposing sanctions and additional attorney's fees for "time spent on this matter."  (*Id.*)  Defendants did not respond to Plaintiff's Supplement to Motions to Compel Discovery nor did they request an extension of the deadline set by the Court's September 27 Order.

In its January 4, 2024 Order, the Court granted Plaintiff's request for attorney's fees but declined to impose sanctions.  (Doc. 64.)  The Court ordered Defendants to produce all outstanding discovery responses and supplement their initial disclosures, explaining that failure to do so may result in the imposition of sanctions, up to and including preclusion of evidence and dismissal of affirmative defenses.  (*Id.* at 7.)

## III.    Plaintiff's Present Motion for Sanctions

Plaintiff's second Motion for Sanctions asserts that Defendants' ongoing failures "ha[ve] [c]aused [u]nnecessary [d]elay."  (Doc. 70 at 1.)  Pursuant to Federal Rules of Civil Procedure 16 and 37, Plaintiff requests that the Court impose "severe" sanctions against Defendants.  (*Id.* at 12.)  Plaintiff does not appear to request a specific sanction, although he states that "the imposition of increased sanctions, including default judgment, is appropriate."  (*Id.*)  He also requests that the Court order attorney's fees.  (*Id.* ("Plaintiff respectfully requests this Honorable Court [g]rant the instant Motion [o]rdering severe sanctions, attorney[']s fees, and any other such relief that is just.").)  Further, Plaintiff does not appear to distinguish between Dr. Miller and Centurion as Defendants.  As explained below, Plaintiff contends that defense counsel has not satisfied its discovery obligations in three ways: (1) failure to comply with the rules governing initial disclosures, discovery requests, and Court orders regarding those discovery requests;

(2) failure to participate in ENE in violation of multiple scheduling orders; and (3) failure to pay an expert witness deposition fee.

### A.   Initial Disclosures, Discovery Requests, and Court Orders

Plaintiff contends that the following discovery remains outstanding as of the filing of the Motion: (1) initial disclosures; (2) certain information requested in Plaintiff's First Set of Discovery Requests (written communications); and (3) responses to Plaintiff's Second Set of Interrogatories and Requests to Produce.

### 1.   Initial Disclosures

According to Plaintiff, Centurion stated in its initial disclosures that it had possession, custody, or control over Plaintiff's medical records, but it did not produce the records.  (*Id.* at 2.) Defendants also did not produce information related to insurance coverage, and they "failed to describe the subject known by each individual Defendants identified as possessing discoverable information." (*Id.*)  Plaintiff contends these failures violated Federal Rule of Civil Procedure 26(a)(1)(A)(i), (ii), and (iv).  (*Id.*)  After Plaintiff informed Defendants of the deficiencies in their initial disclosures, Defendants did not supplement them.  Plaintiff asserts this failure violated Rule 26(e), "which requires that supplementation must be timely 'if [the] party learns that in some material respect the disclosure or response is incomplete . . . .'" (*Id.* at 5. (quoting Fed. R. Civ. P. 26(e)(1)(A).)

At the September 27 hearing, the Court ordered Defendants to supplement their initial disclosures within seven days.  (*See* ECF Entry 58.)  However, in Plaintiff's Supplement to his second and third Motions to Compel, he asserted that Defendants did not supplement their initial disclosures—specifically with respect to insurance information—by the Court's deadline. (Doc.

61 at 2.)  The Court's January 4, 2024 Order required Defendants to supplemental their initial disclosures within ten days.  (Doc. 64 at 7.)

### 2.    First Set of Interrogatories and Requests to Produce

Plaintiff asserts that Defendants have not produced written communications that were requested as part of Plaintiff's First Set of Discovery Requests, served in January 2023.  (Doc. 70 at 7.)  When Defendants failed to respond to Plaintiff's First Set of Interrogatories and Requests to Produce, Plaintiff and Defendants stipulated to an extension of the response deadline. Defendants did not respond by the stipulated extended deadline, which Plaintiff argues violated Fed. R. Civ. P. 33(b)(2).  Plaintiff thereafter filed his First Motion to Compel in April 2023, which the Court denied after the parties indicated that they were resolving the matter as evidenced by Defendants' production on May 5, 2023.  (Doc. 70 at 3.)  Plaintiff contends that Defendants' May 5 discovery responses were "incomplete and unsigned" in violation of Rules 26(g)(1)(B) and 33(b)(5).  (*Id.* at 4.)  After the parties conferred regarding Plaintiff's concerns with the responses, "Defendants agreed to provide supplemental responses . . . before June 14." (*Id.*)  Plaintiff contends that Defendants did not provide supplemental responses to his First Set of Interrogatories and Requests to Produce despite having agreed to do so.  (*Id.*)  Plaintiff asserts this failure violated Rule 26(e), "which requires that supplementation must be timely 'if [the] party learns that in some material respect the disclosure or response is incomplete . . . .'"  (*Id.* at 5.)

Having not received the supplemental responses by the end of July, Plaintiff filed a second Motion to Compel (Doc. 53) on August 3, 2023.  (*Id.*)  Plaintiff asked the Court to "[c]ompel Defendants Centurion and Dr. Miller to provide complete discovery responses" after

their responses at the end of April and beginning of May were "incomplete, evasive, and unsigned." (*Id.* at 1.)

At the September 27 hearing, the Court ordered Defendants to produce all outstanding discovery with respect to Plaintiff's First Set of Interrogatories and Requests to Produce. (*See* ECF Entry 58.)  Plaintiff's Supplement to his second and third Motions to Compel asserted that, while Defendants supplemented most of the outstanding responses to Plaintiff's First Set of Discovery Requests, Defendant failed to produce certain requested internal communications from various medical providers regarding Plaintiff's injury. (Doc. 61 at 2.)

In its January 4, 2024 Order, the Court again required Defendants to produce complete responses to Plaintiff's First Set of Discovery Requests. (Doc. 64 at 7 ("Defendants are ORDERED to . . . provide all outstanding discovery within ten days of the date of this Order.").) Plaintiff's second Motion for Sanctions contends that Defendants have not produced the written communications that were requested as part of Plaintiff's First Set of Discovery Requests in violation of the Court's September 2023 and January 2024 Orders. (Doc. 70 at 7.)

### 3.    Second Set of Interrogatories and Requests to Produce

Plaintiff served his Second Set of Interrogatories and Requests to Produce on July 10, 2023.  Plaintiff filed a third Motion to Compel (Doc. 55) after Defendants did not respond to his Second Set of Interrogatories and Requests to Produce, which were due August 10, 2023. (*Id.*) The Court granted the second and third Motions to Compel at the September 28 hearing, ordering Defendants to respond to all outstanding discovery.  In his Supplement to his second and third Motions to Compel in October 2023, Plaintiff asserted that Defendants did not respond to his Second Set of Interrogatories and Requests to Produce. (Doc. 61.)

The Court's January 4, 2024 Order required Defendants to respond to Plaintiff's Second Set of Interrogatories and Requests to Produce within ten days, warning Defendants that "additional violations 'may result in the imposition of . . . sanctions, up to and including preclusion of evidence and dismissal of affirmative defenses.'"  (Doc. 70 at 7 (quoting Doc. 64 at 7).)  According to Plaintiff's second Motion for Sanctions, "Defendant Centurion has still not responded to Plaintiff's Second Set of Interrogatories and Requests to Produce (initially served on July 10, 2023)."  (*Id.*)

**B.      Scheduling Order Violations Regarding Early Neutral Evaluation**

On November 17, 2023, Plaintiff filed a Motion for Sanctions for Defendants' Failure to Participate in the Early Neutral Evaluation.  (Doc. 63.)  Plaintiff asserted that the parties agreed to conduct ENE on August 14, 2023.  (*Id.* at 1.)  Plaintiff contends that "[o]n the morning of August 14, 2023, counsel for Defendants unilaterally cancel[]ed the ENE for the day without reasonable justification."  (*Id.*)  After canceling, Defendants did not agree to any of the dates proposed by the Evaluator and did not suggest any dates that they were available for purposes of rescheduling.  (*Id.* at 1–2.)  Defendants did not respond to the Motion.  The Court denied the Motion in light of the Court's January 4, 2024 Order (Doc. 64), which directed the parties to file a joint amended discovery schedule.  (Doc. 65.)

In his second Motion for Sanctions, Plaintiff contends that Defendants' cancelation of the scheduled ENE on August 14, 2023—"despite the requirement in the mediation agreement that parties could only cancel with ten days' notice and Local Rule 16 prohibiting a party to unilaterally cancel without leave of the court"—constitutes a violation of the Court's scheduling order.  (Doc. 70 at 6.)  Plaintiff and the ENE Evaluator attempted to reschedule ENE for April 3, 2024, but were ultimately unsuccessful after Defendants failed to timely respond to multiple

emails from the Evaluator seeking to confirm the ENE date.  (*See id.* at 7–10.)  The scheduling

order in place required ENE to be completed by April 30.  Plaintiff contends that, due to

Defendants' failure to communicate with the ENE Evaluator until March 26 regarding their

inability to attend the ENE session on April 3, ENE could not be completed by the April 30

deadline as the Evaluator had been booked through April.

### C.      Failure to Pay Witness Deposition Fee

Plaintiff also asserts that "Defendants have not paid the full fee for deposing Plaintiff's

expert."  (*Id.* at 10.)  According to Plaintiff, Defendants paid Plaintiff's expert in advance for two

hours of deposition time, but the total deposition was 2 hours and 20 minutes, consisting of 15

transcript pages of questions from Plaintiff's counsel, followed by Defendants' counsel's

questions.  (*Id.*)  Plaintiff contends that, "[p]ursuant to F.R.C.P. 26(b)(4)(E), the party seeking

the discovery, Defendants, are responsible for the expert's fees."  (*Id.*)

## IV.     May 24 and June 10 Hearings

On May 24, 2024, the Court held a hearing on Plaintiff's second Motion for Sanctions.

The Court took the Motion under advisement and ordered the following: (a) that Defendants

produce all outstanding discovery within fourteen days; (b) that the parties schedule an ENE

session and filed a proposed amended discovery schedule within fourteen days; and (c) that the

parties file submissions related to the issue of sanctions within ten days.  (ECF Entry 77.)  In the

interest of ensuring Defendants' complete production of all outstanding discovery and, if

necessary, to further address Plaintiff's request for a default judgment, the Court scheduled

another hearing for June 10, 2024.  (*See id.*)  Prior to the June 10 hearing, Defendants filed a

Response in Opposition to Plaintiff's second Motion for Sanctions (Doc. 79), and Plaintiff filed a

Reply (Doc. 80).

At the June 10 hearing, Defendants represented that all outstanding discovery had been produced, although Plaintiff advised that Defendants' interrogatory responses were not signed. Defendants assured the Court and Plaintiff that this deficiency would be promptly corrected. The Court also heard argument on Plaintiff's second Motion for Sanctions. Plaintiff asserted that, despite Defendant's recent production, default judgment against Defendants is warranted because their conduct has prejudiced Plaintiff by unnecessarily increasing the cost of litigation, preventing him from building his case, and causing significant delay.

<u>Discussion</u>

I.    **Legal Standards**

"Motions seeking Rule 37(b) sanctions for noncompliance with the Court's discovery orders 'are ordinarily considered non-dispositive, and therefore fall within the grant of Rule 72(a), unless the sanction employed disposes of a claim.'"  *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2017 WL 3671036, at *16 (S.D.N.Y. July 18, 2017) (quoting *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15-CV-01095 (PKC)(BCM), 2016 WL 2865350, at *10 (S.D.N.Y. May 11, 2016)), *report and recommendation adopted*, 2017 WL 4712639 (S.D.N.Y. Sept. 28, 2017).  "A magistrate judge's authority to order (rather than recommend) a discovery sanction does not depend on the relief requested, but rather depends on the 'sanction the magistrate judge actually imposes.'" *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, 337 F.R.D. 47, 59 (S.D.N.Y. 2020) (quoting *Joint Stock Co.*, 2017 WL 3671036, at *16).

When a party fails to comply with a discovery order, a court may impose sanctions, which include "striking pleadings in whole or in part," and "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).  "Even in the absence of a discovery

order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002). In addition, Rule 16 of the Federal Rules of Civil Procedure authorizes the imposition of sanctions—including those authorized by Rule 37(b)(2)(A)(ii)–(vii)—when a party fails to appear at a court-ordered conference or fails to comply with other pretrial orders. *See* Fed. R. Civ. P. 16(f).

In exercising discretion to sanction a party under Rule 37, "courts consider the following factors: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party has been warned of the consequences of noncompliance." *Ramgoolie v. Ramgoolie*, 333 F.R.D. 30, 34 (S.D.N.Y. 2019). "These factors are not exclusive, and it is not an abuse of discretion to impose sanctions where only some of the factors have been implicated." *Id.* at 35. "Any decision under Rule 37 should be made in light of the full record in the case." *Id.* (citing *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979)). ⫰

In addition, courts may consider any prejudice suffered by the movant. *See, e.g.*, *Local Union No. 40 v. Car-Win Constr., Inc.*, 88 F. Supp. 3d 250, 263 (S.D.N.Y. 2015). Although prejudice may "serve as a compelling consideration in support of dispositive relief," a lack of prejudice "should not be given significant weight in the overall analysis." *Id.* (citing *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010) ("[W]e, along with the Supreme Court, have consistently rejected the 'no harm, no foul' standard for evaluating discovery sanctions . . . .")).

Given the preference that cases be resolved on the merits rather than by default, *see Marfia v. T.C. Ziraat Bankasi, New York Branch*, 100 F.3d 243, 249 (2d Cir. 1996), "[a] . . . judge should only enter the harsh penalty of default judgment in 'extreme circumstances,' where 'a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault.'" *Mirlis v. Greer*, 80 F.4th 377, 381 (2d Cir. 2023) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)); *see also Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013). The decision whether to impose default judgment as a sanction is within the district court's sound discretion. *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012).

## II.     Plaintiff's Second Motion for Sanctions

Without differentiating between Defendants Miller and Centurion, Plaintiff requests a default judgment based on Defendants' alleged failures to comply with their discovery obligations; the Court's September 2023 and January 2024 discovery Orders; and the various Scheduling Orders in effect throughout discovery. (*See* Doc. 70.) As explained below, while sanctions are warranted against Centurion for its failure to comply with the Court's September 2023 and January 2024 Orders, the Court declines to impose default judgment against Defendants.[3]

Sanctions are warranted under the relevant factors. The record of defense counsel's non-responses to Plaintiff's counsel's numerous communications is indicative of willfulness. (*See generally* Doc. 70, 70-1.) Centurion asserts that its discovery failings were not willful because the documents it did not produce required a protective order. (Doc. 79 at 4.) This justification is

---

[3] Although Plaintiff's second Motion for Sanctions seeks default judgment against both Defendant Miller and Defendant Centurion, the discovery violations Plaintiff raises are primarily related to Centurion. Therefore, the Court focuses its analysis on Centurion.

not persuasive given Plaintiff's counsel's multiple, unsuccessful attempts to communicate with Centurion's counsel regarding outstanding discovery. Moreover, Defendants' counsel has apparently taken a passive approach to discovery in this case, evidenced by repeated lack of communication with Plaintiff's counsel. Further, Defendants did not respond to Plaintiff's second and third Motions to Compel or his Supplement to Motions to Compel Discovery. Defendants also did not respond to Plaintiff's second Motion for Sanctions until given an opportunity to do so by the Court at the May 24 hearing.[4] Defendants also did not support their Opposition to Plaintiff's second Motion for Sanctions with evidence in the form of affidavits or exhibits.

Nevertheless, Centurion's discovery failures do not rise to the level of extreme misconduct that warrants litigation-ending sanctions. This is a case where Centurion complied belatedly after lengthy delays, not one in which it essentially refused to participate in discovery. Despite Centurion's unexplained pattern of silence, its alleged noncompliance with the Court's September 2023 and January 2024 Orders were at least in part due to circumstances beyond its control. "Noncompliance with a court's discovery order is willful when the order is clear, the party understood the order, and the failure to comply is not due to factors beyond the party's control." *Ramgoolie*, 333 F.R.D. at 35 (citing *Joint Stock Co.*, 2017 WL 3671036, at *21).

While the record strongly suggests that Defendants have repeatedly violated the discovery rules and the Court's Orders, there is some doubt with respect to whether Defendants' conduct has been entirely willful. *See Cine Forty-Second St. Theatre Corp.*, 602 F.2d at 1068. Centurion's noncompliance to some degree is attributable to circumstances beyond its control,

---

[4] At the hearing on May 24, counsel explained that Defendant's failure to respond to Plaintiff's second Motion for Sanctions was partly due to the disruption caused by an attempted arson in her firm's office building and partly by her misreading of deadlines in her calendar.

exacerbated by the apparent breakdown of communication between parties.  At the hearing in September 2023, counsel explained that Defendants' efforts to meet discovery deadlines have been hindered by her personal obligations with respect to the catastrophic flooding throughout Vermont.  Counsel also represented that the delays in scheduling depositions were due to Centurion's purported difficulty locating witnesses.  Defendants' Opposition to Plaintiff's second Motion for Sanctions contends that Centurion complied with the Court's September 2023 Order by sending discovery responses in the mail on October 2, 2023.  (Doc. 79 at 4.)  Plaintiff never received those responses because "the address used was incorrect as the address [counsel] had on file for Plaintiff's counsel's office was incorrect."[5]  (*Id.* n.3.)

Therefore, while Plaintiff's second Motion for Sanctions accurately describes the pattern of unresponsiveness, Defendants' Opposition presents some explanation for failing to timely comply with the Court's September 2023 and January 2024 Orders and demonstrates their recent efforts to complete all remaining discovery in this case.  For these reasons, the Court cannot conclude definitively that this case involves willful, tactically motivated obstruction of Plaintiff's discovery, rather than neglect by counsel, and therefore declines to impose the severe sanction of default judgment.[6]  As Defendants have now produced all outstanding discovery, albeit belatedly, the sanction of default judgment is not warranted, particularly because it appears this case can be resolved on the merits.  *See Marfia*, 100 F.3d at 249; *Kortright Cap. Partners LP v. Investcorp Inv. Advisers Ltd.*, 330 F.R.D. 134, 139 (S.D.N.Y. Jan. 18, 2019) ("[I]t is always

---

[5]  Defendants' Opposition did not include an affidavit of counsel or other evidence supporting this fact.

[6]  Plaintiff also asserts that Defendants' discovery conduct warrants default judgment when coupled with Defendants' alleged violations of the scheduling orders and their conduct with respect to ENE.  (*See* Doc. 70.)  While the record demonstrates that Defendants have engaged in a pattern of unresponsiveness and perhaps unwillingness to participate in ENE scheduling in good faith, Plaintiff has not shown that Defendants' conduct with respect to ENE scheduling has been willful.

preferable for issues to be adjudicated on the merits, rather than pursuant to discovery sanctions." (internal quotation marks omitted)).  This conclusion, however, is not intended to condone the repeated delays in Defendants' production of relevant discovery in this case.

### III.   Plaintiff's Motion for Attorney's Fees and Costs

Although the Court declines to impose default judgment against Defendants, monetary sanctions in the form of attorney's fees and costs are warranted for Centurion's recalcitrant conduct throughout discovery.  *See* Fed. R. Civ. P. 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

Monetary sanctions are warranted for Centurion's failure to timely respond to discovery requests, its failure to abide by the response deadlines set by the Court's September and January Orders, and its substantial and recurring failure to cooperate and communicate with opposing counsel throughout discovery and ENE scheduling.  *See Quadrozzi v. City of New York*, 127 F.R.D. 63, 74 (S.D.N.Y. 1989) (bad faith not required for monetary sanctions; negligence is sufficient (citing *Cine Forty-Second Street Theatre*, 602 F.2d at 1066)); *Abante Rooter & Plumbing, Inc. v. Shore Funding Sols., Inc.*, CV 17-6499 (ADS) (AKT), 2019 WL 2436239, at *6 (E.D.N.Y. Mar. 6, 2019) (recommending a monetary sanction, in the form of reimbursement of fees expended and costs incurred, rather than dismissal, where defendant did not meaningfully participate in discovery).

Centurion's apparently lax approach to discovery prolonged the pretrial phase of this case and increased Plaintiff's litigation costs.  Beyond the delay of a final disposition of this matter, Plaintiff has incurred unnecessary expenses due to (1) defense counsel's general lack of

responsiveness communicating with Plaintiff's counsel; (2) defense counsel's failure to communicate in a timely manner with the ENE Evaluator's office regarding scheduling ENE; (3) defense counsel's neglect to maintain Plaintiff's counsel's accurate address on file; and (4) Plaintiff's need to file this motion and other motions to compel discovery compliance.  The delays in this case could have been prevented by Centurion's effective communication with Plaintiff's counsel regarding its deficient discovery responses and ENE scheduling.  For instance, upon receiving communication from Plaintiff's counsel—through e-mail, phone calls, and court filings—that he had not received complete discovery responses after the Court's September and January Orders (*see* Doc. 70-1 at 1, ¶ 3), counsel for Centurion should have immediately remedied the apparent mailing address error and ensured prompt delivery of all outstanding discovery as required by the Court's September and January Orders.

A sanction that both compensates Plaintiff for Centurion's conduct and promotes adjudication on the merits properly balances the interests here.  *See Richardson v. City of Niagara Falls, N.Y.*, No. 09–CV–824–JTC, 2011 WL 334322, at *3 (W.D.N.Y. Jan. 31, 2011). Under the circumstances—and particularly in light of Defendants' recent production—the imposition of monetary sanctions is sufficient.  It compensates Plaintiff for his attorney's fees and costs in having to engage in litigation to obtain the discovery to which he is entitled.

A "presumptively reasonable" attorney's fee award, known as the "lodestar" amount, is the product of the number of hours reasonably expended multiplied by a reasonable hourly rate. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–90 (2d Cir. 2008).  Hours that are not reasonably expended include hours that are "excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  The reasonable hourly rate is "the rate a paying client would be willing to pay."  *Lilly v.*

17

*City of New York*, 934 F. 3d 222, 230 (2d Cir. 2019) (internal quotation marks omitted).  In determining the reasonable hourly rate, the court should consider all "pertinent factors, including the *Johnson* factors,"[7] *id.*, and "all relevant case-specific variables, along with the prevailing marketplace rates in Vermont for the type of work and the experience of the attorneys."  *Arroyo v. Milton Academy*, Case No. 5:10–cv–117, 2011 WL 13217008, at *1 (D. Vt. June 3, 2011) (citing *Arbor Hill*, 522 F. 3d at 191; *Cabrera v. Jakabovitz*, 24 F.3d 372, 392 (2d Cir. 1994)).  To determine the prevailing market rate, the court is to "take judicial notice of the rates awarded in prior cases," and use "the court's own familiarity with the rates prevailing in the district."  *Farbotko v. Clinton County of New York*, 433 F. 3d 204, 209, 210 (2d Cir. 2005).  Moreover, the Court may "rely in part on the judge's own knowledge of private firm hourly rates in the community."  *Miele v. New York State Teamsters Conf. Pension & Ret. Fund*, 831 F.2d 407, 409 (2d Cir. 1987).

Plaintiff requests $5,702.28 in attorney's fees and costs for the 19.7 hours of attorney time expended due to Centurion's violation of the Court's January Order and its failure to meaningfully engage in ENE scheduling.  (*See* Doc. 84.)  Attorney Hozid expended 14.2 hours at a rate of $250 per hour, and Attorney Valente, a partner of the firm, expended 5.5 hours at a rate of $375 per hour.  (*Id.* at 2.)  Plaintiff's counsel has also provided contemporaneous billing records substantiating the time expended on tasks associated with Centurion's noncompliance.  (*Id.* at 1–2.)  This time consists of correspondence with counsel on outstanding discovery and

---

[7]  The *Johnson* factors include: "[t]he time and labor required"; "[t]he novelty and difficulty of the questions"; "[t]he skill requisite to perform the legal service properly"; "[t]he preclusion of other employment by the attorney due to acceptance of the case"; "[t]he customary fee"; "[w]hether the fee is fixed or contingent"; "[t]ime limitations imposed by the client or the circumstances"; "[t]he amount involved and the results obtained"; the experience, reputation, and skill of the attorneys; whether the case is undesirable and may not be "pleasantly received by the community" or the attorney's contemporaries; "[t]he nature and length of the professional relationship with the client"; and "[a]wards in similar cases."  *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

ENE scheduling, drafting the motion for sanctions, preparing for and attending the hearings on the motion for sanctions, and drafting supplemental filings.  (*Id.*)  Attorney Hozid also requests costs associated with his travel to Burlington, Vermont for the hearing on May 24, 2024.  (*Id.* at 2.)  Centurion does not challenge the fee amount.  The Court finds counsel's hourly rate to be objectively reasonable and consistent with the market rate for similar legal work in Vermont. However, the Court makes a minor reduction to the total compensable time because certain tasks outlined in counsel's billing chart correspond to hours spent in the ordinary course of litigation as opposed to hours spent as a result of Centurion's failure to communicate with respect to ENE scheduling and failure to abide by the Court's January Order.  *See, e.g.*, *S.E.C. v. Yorkville Advisors, LLC*, No. 12 Civ. 7728(GBD)(HBP), 2015 WL 855796, at *11 (Feb. 27, 2015) (declining to award fees for hours spent reviewing discovery responses as those costs would have been incurred regardless of the deficiencies in discovery responses); *Creative Res. Grp. of New Jersey, Inc. v. Creative Res. Grp., Inc.*, 212 F.R.D. 94, 104 (E.D.N.Y. 2002) (declining to reimburse plaintiff for fees that "would have been incurred in the course of normal discovery"). Plaintiff's counsel's time spent reviewing discovery produced by Centurion is part of the ordinary course of litigation and not expended as a result of Centurion's noncompliance.  As the billing chart indicates that Attorney Hozid spent approximately one hour reviewing discovery produced by Centurion (*see* Doc. 84), the Court reduces the total fee amount by $250.

Therefore, Plaintiff is entitled to attorney's fees and costs in the amount of $5,452.28.

## Conclusion

For the foregoing reasons, Plaintiff's second Motion for Sanctions (Doc. 70) is GRANTED IN PART and DENIED IN PART.  The Court declines to enter default judgment against Defendants.  Plaintiff's Motion for Attorney's Fees and Costs (Doc. 84) is GRANTED

IN PART and DENIED IN PART.  Defendant Centurion shall pay Plaintiff's attorneys fees and costs in the amount of $5,452.28 within fourteen days of the date of this Order.  The newly amended discovery order provides for discovery to be completed on August 31, 2024.  (*See* ECF Entry 92.)

Upon close of discovery on August 31, 2024, the parties shall file a report to advise of the status of discovery.  Upon the filing of the status report, if necessary, the Court will set this matter for hearing to address any remaining discovery issues.

Dated at Burlington, in the District of Vermont, this 12th day of August 2024.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge